UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JAMES DALTON BELL,

                              Petitioner,

v.                                                              9:08-CV-0215
                                                                 (FJS/GHL)

UNITED STATES OF AMERICA, et al.,

                              Respondents.
_____

APPEARANCES:                                                  OF COUNSEL:

JAMES DALTON BELL
26906-086
Petitioner *pro se*
USP Tucson
P.O. Box 24550
Tucson, Arizona 85734

GEORGE H. LOWE, United States Magistrate Judge

### REPORT AND RECOMMENDATION[1]

      The Clerk has sent to the Court a petition for a writ of habeas corpus brought by James Dalton Bell ("Petitioner"). Petitioner is a federal prisoner confined in Arizona. He has neither paid the statutory filing fee required to maintain this action nor applied to proceed *in forma pauperis*.

      The Petition is filed "on behalf of ALL current and past federal prisoners (since 1948) whose cases originated in, or who are located within the jurisdiction of, this judicial court."

---

[1]     This matter was referred to me for report and recommendation by the Honorable Frederick J. Scullin, Jr., Senior United States District Judge, pursuant to 28 U.S.C. § 636(b), Northern District of New York Local Rule 72.3, and Northern District of New York General Order 32.

(Dkt. No. 1 at 2) (emphasis in original).  Additionally, Petitioner purports to act as "Next Friend for persons no longer incarcerated, thus bringing an error coram nobis action." *Id*.  Petitioner argues that, due to a defect in a Congressional bill passed in 1948, no federal court has possessed "general criminal jurisdiction over ANY federal criminal statute" for the last six decades.  *Id.*

Petitioner has filed similar petitions in federal courts nationwide.  *See, e.g. Bell v. United States,* No. 1:07-CV-0099 (D. N.D.) (filed December 13, 2007) (dismissed *sua sponte* Mar. 20, 2008); *Bell v. United States,* No. 4:07-CV-0196 (S.D. Ga.) (filed Dec. 18, 2007) (dismissed *sua sponte* Jan. 23, 2008); *Bell v. United States*, No. 2:08-CV-0002 (W.D. Pa.) (filed Jan. 2, 2008) (dismissed *sua sponte* Mar. 13, 2008); *Bell v. United States,* No. 1:08-CV-0132 (N.D. Ga. ) (filed Jan. 9, 2008) (dismissed *sua sponte* Mar. 18, 2008); *Bell v. United States,* No. 6:08-CV-0052 (E.D. Okla.) (filed Feb. 11, 2008) (dismissed *sua sponte* Feb. 15, 2008); *Bell v. United States,* No. 4:08-CV-0225 (W.D. Mo.) (filed Feb. 12, 2008) (dismissed *sua sponte* Mar. 4, 2008); *Bell v. United States,* No. 4:08-CV-0101 (W.D. Mo.) (filed Feb. 12, 2008) (dismissed *sua sponte* Feb. 20, 2008); *Bell v. United States,* No. 7:08-CV-0107 (W.D. Va.) (filed Feb. 12, 2008) (dismissed *sua sponte* Feb. 19, 2008); *Bell v. United States*, No. 9:08-CV-0021 (D. Mont.) (filed Feb. 15, 2008) (dismissed *sua sponte* Feb. 22, 2008); *Bell v. United States,* No. 1:08-CV-0197 (S.D. Ind.) (filed Feb. 15, 2008) (dismissed *sua sponte* Mar. 3, 2008); *Bell v. United States*, No. 3:08-CV-0173 (S.D. Ill.) (filed Mar. 5, 2008)[2].

The undersigned concludes, as has every other court that has considered Petitioner's claims, that the Petition should be dismissed for two reasons.  First, Petitioner lacks standing to

---

[2]   This list is not exhaustive.  According to the PACER system, Petitioner has filed similar petitions in 34 other judicial districts since November 1, 2007.

pursue claims on behalf of all current and past federal prisoners.  Second, venue is improper in this District.

Regarding standing, Petitioner cannot serve as a "Next Friend" for the other prisoners because he has not provided an "adequate explanation ... why the real part[ies] in interest cannot appear on [their] own behalf to prosecute the action" or shown that he is "truly dedicated to the best interests of the person[s] on whose behalf he seeks to litigate." *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990).

Regarding venue, the Petition's caption states that it has been brought under 28 U.S.C. § 2241.  Petitions filed under 28 U.S.C. § 2241, pursuant to which a federal prisoner may challenge the execution of his sentence[3], must name the petitioner's warden as respondent and be filed in the district of the petitioner's confinement.  28 U.S.C. § 2241(a) (2006); *Rumsfeld v. Padilla*, 542 U.S. 426 (2004).  Petitions filed by federal prisoners under 28 U.S.C. § 2255, which challenge the imposition of a sentence, must be filed with the court that imposed the sentence. 28 U.S.C. § 2255 (2006). Given that the gravamen of the Petition is that all federal courts have lacked jurisdiction since 1948 to impose criminal sentences, the undersigned finds that the Petition is more correctly characterized as having been brought pursuant to 28 U.S.C. § 2255. Regardless, though, of how the Petition is characterized, venue is not appropriate in this District because Petitioner is not confined here and was not sentenced here.  Accordingly, this Court may either dismiss the action "or if it be in the interest of justice, transfer" the action.  28 U.S.C. § 1406(a) (2006).  Due to Petitioner's nationwide blitz of frivolous litigation, it would not be in the interest of justice to transfer this action.

---

[3]     *See e.g. Cook v. Division of Parole*, 321 F.3d 274, 278 (2d Cir. 2003).

Accordingly, it is hereby **RECOMMENDED** that the Petition (Dkt. No 1) be **DENIED** and **DISMISSED**.  Furthermore, the undersigned finds that Petitioner has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right."); *see also Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000).  Therefore, I recommend that no certificate of appealability should issue with respect to any of Petitioner's claims.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW**. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72, 6(a), 6(e); *Roldan v. Racette*, 984 F.2d 85 (2d Cir.1993) (*citing Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir.1989)).

Dated: April 3, 2008
       Syracuse, New York

George H. Lowe
United States Magistrate Judge